PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2008 Toyota Corolla struck hole at the intersection of County Road 857, locally designated Cheat Road, and US Route 119, locally designated Point Marion Road in one direction and Mileground Road in the other, in Morgantown, Monongalia County. Both County Road 857 andUS Route 119 are public roads maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:40 p.m. on February 21, 2010. At the time of the incident, Claimant Raymond Frankhouser was driving to work at Easton Elementary School. Claimant was driving north on County Road 857 until he reached the traffic light at the US Route 119 intersection and when he drove into the left turn lane. Mr. Frankhouser testified that he was behind a few other cars at the intersection, and that when the light changed he slowly followed them in turning onto US Route 119/ Mileground Road. However, while he was still in the intersection, his vehicle struck a deep defect in the pavement. *209 Claimant stated that because it was dark he had not seen the hole prior to his vehicle striking it. As a result of this incident, Claimant’s vehicle sustained damage to one of the front tires in the amount of $93.76. Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00.
The position of the Respondent is that it did not have actual or constructive notice of the hole in pavement at the intersection of Country Road 857/US 119 at the time of the incident. Larry Weaver, Highway Administrator for Respondent in Monongalia County, testified that he is familiar with US Route 119 and described it as a priority one road. Mr. Weaver stated that Respondent’s highest priority in February was Snow Removal and Ice Control (SRIC). During SRIC Respondent would attempt to patch holes when feasible, but only the very temporary cold-mix patch material was available. Respondent submitted into evidence two DOT-12 daily work reports that indicated Respondent’s employees patched holes on US Route 119 on February 17th and 23rd; however, Mr. Weaver did not know where Claimant’s incident occurred along US Route 119, and, therefore, he was unable to testify as to whether work was performed at that location of the incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition at the intersection of County Road 857 and US Route 119. Since a defect in the pavement on the travel portion of the road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $93.76.
Award of $93.76.